May 9, 2023

**Via ECF**

Mark J. Langer
Clerk of the Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Ave., N.W.
Washington, DC 20001

>   Re:   *Healthy Gulf, et al. v. FERC*, No. 23-1069 & 23-1071
>         <u>Oral Argument Held February 12, 2024</u>
>         Response to FERC's Supplemental Authority Concerning
>         *Alabama Municipal Distributors Group and Sierra Club v.
>         FERC*, Dkt. No. 22-1101 (L)

Dear Mr. Langer:

Pursuant to F.R.A.P. 28(j), Petitioners respond to FERC's May 1, 2024 letter.

**Greenhouse Gas Significance**
*Alabama Municipal* did not address Petitioners' argument that emissions from the Commonwealth LNG project are significant under any standard FERC could plausibly adopt. Opening 30-32, Reply 8-11 (citing *Northern Natural Gas*, 174 FERC ¶ 61,189 (Mar. 22, 2021)). Although Petitioners noted that FERC's draft policy had proposed a threshold of 100,000 tons per year, Petitioners' argument does not depend on that threshold: the argument is that, following *Northern Natural*, FERC could conclude that the millions of tons of emissions here far exceeded *any* threshold FERC could plausibly adopt. Opening 31-32, Reply 8-9.

**Social Cost of Carbon**
If this Court reaches Petitioners' social cost of argument, *Alabama Municipal* is distinguishable.

FERC's actions are evaluated on the basis of FERC's findings and the claims presented in an individual case. *Sierra Club v. FERC*, 867 F.3d 1357, 1375 (D.C. Cir. 2017) (distinguishing *EarthReports v. FERC*, 828 F.3d 949, 956 (D.C. Cir. 2016)); *Vecinos para el Bienestar de la Comunidad Costera v. FERC*, 6 F.4th 1321, 1329 (D.C. Cir. 2021) (same).

*Alabama Municipal* upheld FERC not relying on the social cost of carbon based on two FERC concerns: uncertainty over suitability of the tool for "project-level" review, and then-pending litigation challenging the tool. Slip Op. 11-12. FERC did not raise either concern in its subsequently-issued orders here. JA038-039, JA112-114.

Instead, here, FERC solely argued that there was no universal threshold for when monetized impacts become significant. JA112-114. This argument is arbitrary: evaluating significance of monetized costs is no different than FERC's exercise of policy judgment in determining whether visual impacts are significant. Opening 34-35. *Alabama Municipal* sheds no light on this issue.

**Public Interest**
Finally, *Alabama Municipal* did not address a claim about FERC's failure to explain how greenhouse gas emissions factored into FERC's public interest determination. Opening 35-38. Independent of whether FERC could decide whether greenhouse gas emissions were "significant" under NEPA, FERC had to address whether these emissions rendered the project contrary to the public interest, and/or whether alternatives that would reduce emissions were warranted.

                                        Respectfully submitted,

                                        /s/ Nathan Matthews
                                        Nathan Matthews
                                        2101 Webster Street, Suite 1300
                                        Oakland, CA 94612

(415) 977-5695
nathan.matthews@sierraclub.org
*Counsel for Petitioners Healthy Gulf, Center for Biological Diversity, Louisiana Bucket Brigade, Sierra Club, and Turtle Island Restoration Network*


/s/ Caroline Reiser
Caroline Reiser
1152 15th Street, NW, Suite #300
Washington, DC 20005
(202) 717-8341
creiser@nrdc.org

Jared E. Knicley
1152 15th Street NW, Suite #300
Washington, DC 20005
(202) 513-6242
jknicley@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council*

# CERTIFICATE OF SERVICE

I hereby certify that, on May 9, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system.

/s/ Nathan Matthews
Nathan Matthews
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.matthews@sierraclub.org