May 9, 2023

**Via ECF**

Mark J. Langer
Clerk of the Court
United States Court of Appeals
 for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Ave., N.W.
Washington, DC 20001

    Re:  *Healthy Gulf, et al. v. FERC*, No. 23-1069 & 23-1071
           Oral Argument Held February 12, 2024
           Response to Intervenors' Notice of Supplemental Authority
           (*Sierra Club v. Louisiana Department of Environmental Quality*, No. 23-60234 (5th Cir. April 29, 2024))

Dear Mr. Langer:

Pursuant to F.R.A.P. 28(j), Petitioners Healthy Gulf *et al.* respond to Intervenor-Respondent Commonwealth LNG, LLC's May 2, 2024 letter.

The Fifth Circuit held that the Louisiana Department of Environmental Quality did not act arbitrarily in issuing Clean Air Act permits for the Commonwealth LNG terminal. In this lawsuit, however, "the Terminal's Clean Air Act compliance is not at issue." Reply Br. at 14 n.5.

As Petitioners explained, FERC's NEPA and Natural Gas Act obligations are broader than ensuring compliance with the Clean Air Act. Opening Br. at 5, 22, 42-43, 48-49; Reply Br. at 2, 16-18. NEPA required FERC to consider environmental harms that would occur *despite* compliance with the Clean Air Act. Opening Br. at 43 (citing *Calvert Cliffs' Coordinating Comm. v. U.S. Atomic Energy Comm'n*, 449 F.2d 1109, 1122-25 (D.C. Cir. 1971)).

This case is a prime example of how NEPA asks questions not answered by the Clean Air Act. FERC even agreed that NEPA required FERC to consider additional pollution not regulated by the Clean Air Act's Prevention of Significant Deterioration program: namely, future mobile sources such as marine vessels serving the LNG terminal. Opening Br. at 17 (citing JA341).

More importantly, NEPA requires FERC to address that cumulative impacts may be significant even where a specific project's contribution to those impacts is "minor" or individually "insignificant." Opening Br. at 41-42 (citations omitted). The Fifth Circuit's opinion did not address this issue. Instead, the Fifth Circuit held that once it was shown that Commonwealth's incremental contribution to violations of the National Ambient Air Quality Standards (NAAQS) was less than the Significant Impact Level, the Clean Air Act required nothing more. The Fifth Circuit did not dispute that there would be NAAQS violations or that Commonwealth LNG (including its related mobile source emissions) would increase air pollution on days when violations would occur.

For these reasons, the decision has no bearing on this case.

        Respectfully submitted,

        <u>/s/ Nathan Matthews</u>
        Nathan Matthews
        2101 Webster Street, Suite 1300
        Oakland, CA 94612
        (415) 977-5695
        nathan.matthews@sierraclub.org
        *Counsel for Petitioners Healthy Gulf, Center for Biological Diversity, Louisiana Bucket Brigade, Sierra Club, and Turtle Island Restoration Network*

        <u>/s/ Caroline Reiser</u>
        Caroline Reiser

        1152 15th Street, NW, Suite #300
        Washington, DC 20005
        (202) 717-8341
        creiser@nrdc.org

        Jared E. Knicley
        1152 15th Street NW, Suite #300
        Washington, DC 20005
        (202) 513-6242
        jknicley@nrdc.org

        *Counsel for Petitioner Natural*
        *Resources Defense Council*

# **CERTIFICATE OF SERVICE**

I hereby certify that, on May 9, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system.

/s/ Nathan Matthews
Nathan Matthews
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.matthews@sierraclub.org
